IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

MOSES CLARY,

        Petitioner,

v.                                           Case No. 1:20-cv-00440

WARDEN, FCI SCHUYLKILL,[1]

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).

## RELEVANT PROCEDURAL HISTORY

### A.    Petitioner's criminal proceedings and direct appeal.

On December 10, 1997, a federal grand jury sitting in Camden, New Jersey returned a superseding indictment against Petitioner, charging him with: conspiracy to interfere with interstate commerce by theft or violence, 18 U.S.C. § 1951(a) (Count One); interference with interstate commerce by theft or violence (which is also known as "Hobbs Act robbery"), 18 U.S.C. § 1951(a) (Count Two); use of a firearm during the commission

---

[1] Petitioner has been transferred to FCI Schuylkill. Accordingly, the Clerk is directed to modify the docket sheet to reflect that the Respondent is "Warden, FCI Schuylkill."

of a crime of violence causing death, 18 U.S.C. § 924(c) and (j) (Counts Three, Eight, and Nine); bank robbery, 18 U.S.C. § 2113(a) (Count Four); bank robbery, assault, 18 U.S.C. § 2113(d) (Count Five); and death as a result of bank robbery, 18 U.S.C. § 2113(e) (Counts Six and Seven). *United States v. Clary*, No. 1:96-cr-00576-JHR, ECF No. 49 (D.N.J. Dec. 10, 1997). On September 18, 1998, pursuant to a negotiated plea agreement in which the Government agreed to withdraw its Notice of Intention to Seek the Death Penalty, Petitioner pled guilty to all nine counts in the superseding indictment. *Id.*, ECF No. 69. Thereafter, Petitioner unsuccessfully moved to withdraw his guilty plea. *Id.*, ECF Nos. 81, 86, 91, and 92.

On May 21, 1999, the New Jersey federal court sentenced Petitioner to terms of life imprisonment on Counts Three, Six, Seven, Eight, and Nine, a term of 300 months on Count Five, and terms of 240 months on Counts One, Two, and Four, all to be served concurrently. (See ECF No. 93). Petitioner's judgment also ordered him to pay restitution in the amount of $98,155.00 to PNC Bank. Petitioner's written plea agreement stated that the court would order restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. Petitioner appealed, and on June 15, 2000, the United States Court of Appeals for the Third Circuit affirmed his judgment of conviction. *United States v. Clary*, No. 99-5412, 225 F.3d 651 (Table) (3rd Cir. June 15, 2000).

### B.     Petitioner's post-conviction filings.

On August 9, 2001, Petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence under § 2255. *Clary v. United States*, No. 01-cv-3831, ECF No. 1. That motion was denied on September 19, 2001, based on the collateral attack waiver in Petitioner's negotiated plea agreement. *Id.*, ECF No. 6. On January 30, 2003, the Third Circuit denied a certificate of appealability. *Clary v. United States*, No. 02-2138 (3rd Cir. Jan.

30, 2003). Subsequently, the Supreme Court denied certiorari. *Clary v. United States*, No. 03-5694, 540 U.S. 923 (Oct. 6, 2003).

On November 28 2011, Petitioner sought leave under 28 U.S.C. § 2244 to file a successive § 2255 motion challenging his mental capacity to enter a knowing and voluntary guilty plea, which the Third Circuit denied on December 29, 2011. *In re Moses Clary*, No. 11-4247 (3rd Cir. Dec. 29, 2011). Nonetheless, on July 13, 2012, Petitioner filed a successive § 2255 motion without leave of court. *Clary v. United States*, No. 12-cv-4384, ECF No. 1. On May 15, 2013, Petitioner's sentencing court denied his successive § 2255 motion for lack of jurisdiction. *Id.*, ECF No. 7. The Third Circuit subsequently denied a certificate of appealability. *Clary v. United States*, No. 13-4226 (3rd Cir., Feb. 20, 2014).

On March 10, 2016, Petitioner again sought leave pursuant to § 2244 to file a successive § 2255 motion, relying on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), in which the Court struck down as unconstitutionally vague the residual clause "crime of violence" definition found in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). On March 28, 2016, the Third Circuit denied Petitioner leave to file a § 2255 motion based on *Johnson*, finding Petitioner had "not shown that *Johnson* applies to his case." *In re Moses Clary*, No. 16-1494 (3rd Cir. Mar. 28, 2016).

On June 6, 2016, Petitioner again sought authorization from the Third Circuit to file a successive § 2255, again relying on *Johnson*. *In re Moses Clary*, No. 16-2663 (3rd Cir. June 6, 2016).² On July 5, 2016, Petitioner filed a § 2255 motion in his sentencing court, arguing that his § 924(c) convictions must be vacated because they are no longer

---

² On at least two other occasions, Petitioner sought and was denied authorization to file successive § 2255 motions on issues wholly unrelated to the instant claim. *See In re Moses Clary*, Nos. 17-1219 and 17-1328.

valid in light of *Johnson*. Following a stay of those proceedings, on August 19, 2019, the Third Circuit granted permission to numerous prisoners, including Petitioner, to proceed with their successive § 2255 motions based on *United States v. Davis*, 139 S. Ct. 2319 (2019).³ *See In re Matthews*, 934 F.3d 296, 298 n.2 (3d Cir. 2019).

Petitioner's successive § 2255 motion asserted that his § 924(c) convictions must be vacated because they were predicated on the offense of conspiracy to commit Hobbs Act robbery which Petitioner claims no longer constitutes a crime of violence. *Clary v. United States*, No. 16-4026, ECF No. 1. However, the New Jersey federal court found that Petitioner's § 924(c) convictions were grounded in his other robbery convictions which still qualify as crimes of violence under the "force" or "elements" clause contained in § 924(c)(3)(A). *Id.*, ECF No. 27. The New Jersey court also found that Petitioner's claim was barred by the concurrent sentence doctrine and denied his § 2255 motion on November 30, 2022. *Id.*

C.     **The instant § 2241 petition.**

Petitioner filed the instant § 2241 petition on June 26, 2020, while he was incarcerated at FCI McDowell, and while his successive § 2255 motion was pending in the New Jersey district court. His § 2241 petition asserts that the restitution order in his judgment is invalid based upon his § 924(c) convictions being predicated on conspiracy to commit Hobbs Act robbery, which he claims is no longer a crime of violence after *Davis*. The petition seeks to have the restitution order vacated. Because it is apparent from the face of the petition that Petitioner is not entitled to any relief, the undersigned has not ordered Respondent to respond to the petition and is recommending summary dismissal.

---

³ *Davis* extended the ruling in *Johnson* to the residual clause contained in 18 U.S.C. § 924(c)(3)(B).

## ANALYSIS

Three of Petitioner's convictions were rendered under 18 U.S.C. § 924(c)(1) and (j) for using or carrying a firearm in relation to a crime of violence, causing death. (Counts Three, Eight, and Nine). At the time of Petitioner's convictions, 18 U.S.C. § 924(c)(3) defined "crime of violence" as a felony that (A) has as an element the use, attempted use or threatened use of force against the person or property of another; or (B) that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3)(A) and (B). Subsection (A) is commonly known as the "force" or "elements" clause. Subsection (B) is known as the "residual clause." Several other federal criminal statutes, including 18 U.S.C. § 924(e) (the ACCA) and 18 U.S.C. § 16 (which defines "crime of violence" for general use throughout Tile 18 of the United States Code) have similar definitions of "crimes of violence" or "violent felonies" which are used to determine the elements of an offense, or the propriety of sentencing enhancements based upon a categorical approach.

Petitioner's superseding indictment specified that the § 924(c) offense in Count Three was predicated on the interference with commerce by violence (also known as "Hobbs Act robbery") charge in violation of 18 U.S.C. § 1951(a) contained in Count Two. His § 924(c) offenses in Counts Eight and Nine were predicated on the bank robbery charge in violation of 18 U.S.C. § 2113(a) contained in Count Four and the bank robbery causing death charges in violation of 18 U.S.C. § 2113(e) as contained in Counts Six and Seven. At the time of his conviction and sentencing, each of these crimes was considered a "crime of violence" under § 924(c)(3) and § 16. Petitioner pled guilty to all those charges.

On June 26, 2015, after Petitioner's direct appeal and first § 2255 motion had been dismissed, the Supreme Court decided *Johnson v. United States*, 576 U.S. 571 (2015).  As noted above, in *Johnson*, the Supreme Court held that the residual clause of the ACCA, which contains similar language defining "violent felonies," is void for vagueness and that imposing an increased sentence thereunder violates due process.  576 U.S. at 593-606.  On April 18, 2016, the Supreme Court determined that *Johnson* affected the substantive reach of the underlying statute rather than the judicial procedures by which the statute was applied.  Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 578 U.S. 120 (2016).  Accordingly, federal criminal defendants who demonstrated that the residual clause of the ACCA arguably affected their sentence were able to seek relief under § 2255.

Then, on April 17, 2018, the Supreme Court decided *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), holding that the residual clause contained in 18 U.S.C. § 16(b) is also void for vagueness under a similar analysis to that in *Johnson*.  And, as relevant here, on June 24, 2019, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court extended the *Johnson* vagueness analysis to the residual clause contained in 18 U.S.C. § 924(c)(3)(B), also rendering it void.

In *Davis*, the Court rejected the government's argument that § 924(c)(3)(B)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach.  *Id.* at 2327-2336.  Thus, the Court determined that, like the ACCA and § 16(b), § 924(c)(3) requires a categorical approach to determining whether a crime meets either the force clause contained in subsection (A), or the residual clause contained in subsection (B).  Therefore, for the same reasons found by the Court in *Johnson* and *Dimaya*, the residual clause contained in section 924(c)(3)(B) has been declared void for vagueness.

6

*Id.* at 2336; s*ee also United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (finding that the residual clause of section 924(c) is unconstitutionally vague based upon *Dimaya*). However, the *Davis* decision does not affect the validity of the force clause contained in § 924(c)(3)(A).

Petitioner's instant petition asserts that his judgment order to pay restitution in the amount of $98,155.00 is "unconstitutionally vague" because he "plead guilty to conspiracy to commit robbery," which he asserts is no longer a "crime of violence" after *Davis*. (ECF No. 1 at ____). Although not specifically stated in the petition, Petitioner appears to be extending the unsuccessful challenge to his § 924(c) convictions made in his prior successive § 2255 to assert that the now void residual clause contained in 924(c)(3)(B) was used to determine that his conspiracy charge in Count One was a crime of violence supporting his restitution order under the Mandatory Victims' Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A.[4] The MVRA states, in pertinent part:

> (a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense, or if the victim is deceased, to the victim's estate.
>
> * * *
>
> (c)(1) This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for any offense – (A) that is – (i) a crime of violence as defined in section 16; (ii) an offense against property under this title. . . .

---

[4] As noted above, Petitioner's plea agreement specified that the Court would order restitution under 18 U.S.C. §§ 3663, 3663A, and 3664. § 3663 provides, in pertinent part, that the Court "when sentencing a defendant under this title [meaning Title 18] . . . may order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663. Thus, because Petitioner was convicted of nine separate offenses under Title 18, it appears that the ordered restitution was appropriate under § 3663 notwithstanding whether any of his offenses were crimes of violence.

18 U.S.C. § 3663A(a)(1) and (c)(1)(i) and (ii).  Petitioner's § 2241 petition states:

> Petitioner pled guilty to conspiracy to commit robbery and the court imposed a sentence of restitution in the amount of $98,155.00 payable to PNC Bank, in full immediately.  The restitution statute cross-reference[s] 18 U.S.C. § 16's definition of "crime of violence" and is now unconstitutional as applied to Petitioner.

(ECF No. 1 at 7).  Thus, Petitioner appears to be relying on both *Davis* and *Dimaya* to invalidate his restitution order.  He requests that this court "[d]ismiss the restitution judgment and order the Bureau of Prisons refund monies taken including yearly interest." (*Id.* at 8).  Petitioner's claim clearly challenges the validity of his restitution order, not the execution thereof.  Thus, court must initially attempt to determine the proper avenue of relief for Petitioner's claim and whether this court has jurisdiction to consider the same.

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the District of New Jersey.  Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.  However, Petitioner has previously filed multiple § 2255 motions, most recently unsuccessfully challenging his § 924(c) convictions under *Davis*.  Thus, he would not be able to proceed with another § 2255 motion without another authorization from the Third Circuit.

Moreover, it is well-settled that a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders.  *See Blaik v. United States,* 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases holding that a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders); *United States v. Hudgins*, 201 F. App'x 142, 143 (4th Cir. 2006); *United States v. Corcho*, 60 F. App'x 479, 480 (4th Cir. 2003) (holding that a challenge to a fine or restitution order that does not

seek release from custody is improper for consideration under § 2255, and must be treated as a petition for habeas corpus under § 2241). Other courts have held that a challenge solely to a restitution order cannot be brought under either § 2255 or § 2241. *See, e.g., Campbell v. United States*, 330 Fed. Appx. 482 (5th Cir. 2009) (unpublished) (challenge to the restitution or fine portion of a sentence is a non-constitutional issue relative to sentencing that should be raised on direct appeal and not for the first time in a § 2255 proceeding; further, a monetary penalty is not a sufficient restraint on liberty to meet the "in custody" requirements of § 2255 or § 2241) (citing *United States v. Hatten*, 167 F.3d 884, 887 n. 5 (5th Cir.1999) and United States v. Segler, 37 F.3d 1131, 1135 (5th Cir. 1994)); *Miller v. Berkebile*, (5th Cir. 2007) (unpublished) (district court did not err in determining that it lacked jurisdiction to consider petition under either § 2241 or § 2255 because petitioner's claim challenging only the restitution portion of his sentence did not satisfy the "in custody" requirement of either § 2241 or § 2255); *Lara v. Smith*, 132 F. App'x 420, 421 (3d Cir. 2005) (a challenge to the validity of a restitution order is not cognizable under § 2241).

  28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering a § 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit previously established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. More recently, the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).[5] Thus, whether making a challenge to a conviction itself, or the accompanying sentence, a petitioner must satisfy each of these criteria to have their claim reviewed under § 2241. Because Petitioner's challenge is to his restitution order, which is part of his sentence, it appears that *Wheeler* would be the applicable authority, if at all.

Although the Supreme Court in *Welch* determined that *Johnson* was a new rule of constitutional law that is retroactive on collateral review, it has not yet specifically done so with *Dimaya* or *Davis*. Furthermore, the Third Circuit (the circuit in which Petitioner was convicted) has not definitively ruled that these decisions are retroactive either. Accordingly, it is unclear whether Petitioner could satisfy all the prongs of *Wheeler*. Moreover, since § 2255 does not apply to motions or petitions solely challenging restitution, it is debatable about whether the savings clause is even implicated in the instant matter, which does not challenge any aspect of Petitioner's detention.[6] Therefore, it is questionable as to whether this court has jurisdiction over Petitioner's § 2241 petition.

Nonetheless, even presuming that this court does have jurisdiction to review the merits of Petitioner's claim, it is apparent that Petitioner is not entitled to relief under *Davis* or *Dimaya*. Although those decisions found the residual clauses in § 924(c)(3)(B)

---

[5] In conducting this analysis, the term "this circuit" refers to the circuit in which the petitioner was convicted. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause . . . we look to the substantive law of the circuit where the defendant was convicted.") Since Petitioner was convicted in the District of New Jersey, it is Third Circuit law that applies to Petitioner's substantive claim.

[6] Additionally, to the extent that Petitioner's claim could be interpreted to involve an issue of statutory interpretation, the Supreme Court recent decision in *Jones v. Hendrix*, No. 21-857, 599 U.S. ___, ___ S. Ct. ___, 2023 WL 4110233, at *3 (2023) would preclude its consideration under the savings clause as well. *Hendrix* held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at *5. The Court emphasized that "[t]he inability of a prisoner with a statutory claim to satisfy [the conditions of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 2023 WL 4110233, at *9.

and § 16(b) to be void, they did not affect the "force" or "elements" clause of either statute, which can also be used to define a crime of violence. Both bank robbery under 18 U.S.C. § 2113(a) and Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) have been found by the Third Circuit to be crimes of violence under § 924(c)(3)(A) and § 16(a). *See United States v. Wilson,* 880 F.3d 80, 85 (3d Cir. 2018) ("our precedent establishes that § 2113(a)'s prohibition on taking the 'property or money or any other thing of value' either 'by force and violence, or by intimidation' has as an element the 'threat of force.'"); *United States v. Monroe*, 837 F. App'x 898, 899 (3d Cir.), *cert. denied sub nom. Copes v. United States*, 142 S. Ct. 247, 211 L. Ed. 2d 111 (2021) (Hobbs Act robbery is still a crime of violence under the elements clause in § 924(c)(3)(A)). The same would be true under § 16(a) which has a similar definition.

Therefore, Petitioner's predicate crimes for his § 924(c) offenses are still crimes of violence under the force or elements clauses contained in § 924(c)(3)(A) and 16(a) and Petitioner's restitution order is, therefore, appropriate under the MVRA. Moreover, the undersigned believes that Petitioner's restitution order is also appropriate under 18 U.S.C. § 3663, as all his convictions were for Title 18 offenses for which restitution is warranted under that statute. *See* 18 U.S.C. § 3663(a)(1)(A). Consequently, even presuming that this court has jurisdiction to review Petitioner's claim under § 2241, his claim fails on the merits and his petition must be denied and dismissed.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner at FCI Schuylkill, where he is now incarcerated.

August 23, 2023

Dwane L. Tinsley
United States Magistrate Judge