```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**MOSES CLARY,**

    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 1:20-00440**

**WARDEN, FCI SCHUYLKILL,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated September 28, 2023, the court accepted the Proposed Findings and Recommendation of the magistrate judge, denied plaintiff's petition under 28 U.S.C. § 2241, and dismissed his case. Pending before the court is plaintiff's "Motion to Set Aside Order and Judgment." See ECF No. 11. According to Clary, he did not receive the court's order extending the time by which he had to file objections to the Proposed Findings and Recommendation ("PF&R") and, therefore, his failure to timely file objections should be excused. Clary's motion mentions both Federal Rules of Civil Procedure 59(e) and 60(b). Therefore, the court has construed plaintiff's motion as one seeking relief under Federal Rule of Civil Procedure 59(e) or 60(b).

As our appeals court has noted, "the Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file

either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Although the two rules appear similar, they are in fact quite distinct." Robinson v. Wix Filtration Corp, LLC, 599 F.3d 403, 411 (4th Cir. 2010). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly." Id. The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

> "Rule 59(e) motions may not be used [ ] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. [Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)]. A Rule 59(e) motion tests whether the Court's initial Order was "factually supported and legally justified." Hutchinson v.

>Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993). In other words, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." Harwley v. Comm'r of Soc. Sec. Admin., 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018). The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." Hutchinson, 994 F.2d at 1082. Accordingly, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

Heaton v. Stirling, Civil Action No. 2:19-0540-RMG, 2020 WL 838468, *1 (D.S.C. Feb. 18, 2020).

Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

>On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances." Pressley Ridge Schools v. Lawton, 180 F.R.D. 306, 308 (S.D.W. Va. 1998). Dispositions of Rule 60(b) motions are reviewed for abuse of discretion. See id.

Plaintiff has not demonstrated that he is entitled to relief under Federal Rule of Civil Procedure 59(e) or 60(b)(1) or (b)(6).[1] The court has considered Clary's objections to the PF&R and they are meritless.

As the PF&R laid out, Clary is challenging the order of restitution imposed at sentencing.

> A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004). See also United States v. Gripper, No. 06-7928, 2007 WL 1115953, at *1 (4th Cir. April 16, 2007) (construing a challenge to the "implementation of the restitution portion" of a prisoner's sentence as a § 2241 petition). However, several circuit courts have held that a prisoner cannot challenge the legality of a restitution order by filing a writ pursuant to § 2241. See Arnaiz v. Warden, Federal Satellite Low, 594 F.3d 1326, 1329 (11th Cir. 2010); Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1114-15 (5th Cir. 1990) (affirming district court's dismissal of a § 2241 petition on jurisdictional grounds to the extent the petition challenged the imposition of any form of restitution). See also United States v. Banks, 422 Fed. App'x 137, 140 (3rd Cir. Apr. 4, 2011). As the instant petition challenges the legality of the sentencing court's restitution order, rather than the execution of Petitioner's sentence, it is not cognizable under § 2241. See Martin v. United States, No.Civ.A. 1:03CV213, 2006 WL 231485 at *3 (N.D.W. Va. Jan. 31, 2006) (noting that, while a challenge to the execution of a restitution order may be reviewed under § 2241, a challenge to the sentencing court's imposition of restitution is not cognizable under that statute).

---

[1] The other grounds for relief under Rule 60(b) clearly do not apply.

> Further, it is well established that defendants convicted in federal court must seek habeas relief from their convictions and sentences through a motion under 28 U.S.C. § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). However, many appellate courts have concluded that, while restitution is part of an inmate's sentence, a motion under § 2255 "may not be used for the sole purpose of challenging fines or restitution orders." United States v. Hudgins, No. 06-6048, 2006 WL 2794412, at *1 (4th Cir. Sept. 25, 2006) (unpublished) (citing United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003) (collecting cases)); United States v. Fabian, Civil No. CCB-09-2810, Crim. No. CCB-07-0355, 2011 WL 2791085 at *30 (D. Md. July 14, 2011) (collecting cases). See also United States v. Corcho, No. 02-7747, 2003 WL 1712118 at *1 (4th Cir. Apr. 1, 2003) (unpublished) ("it is well settled that § 2255 relief may not be granted when the litigant challenged only a fine or restitution order"); Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases). Instead, challenges to the validity of a restitution order should be raised on direct appeal. United States v. Hatten, 167 F.3d 884, 887 n.5 (5th Cir. 1999); United States v. Segler, 37 F.3d 1131, 1135 (5th Cir. 1994).

Black v. Cooper, 3:23-cv-00899-RJC (W.D.N.C. Jan. 19, 2024) (ECF No. 15 at 4-6), aff'd 2024 WL 3042393 (4th Cir. June 18, 2024). Like the court in Black, this court finds that Clary's "challenge is improper under § 2241," and "not cognizable under § 2255[.]" Id.

In any event, Clary's argument is without merit. As the PF&R laid out, Clary's convictions under 924(c) were **not** tied to his conviction for conspiracy to commit Hobbs Act robbery. The predicate crimes for those convictions, bank robbery and Hobbs Act robbery, remain crimes of violence. His statement that "the

5

counts are all conspiracy offenses and not 'crimes of violence,'" see ECF No. 12 at 4, is clearly inaccurate. The Hobbs Act conspiracy is charged in Count One and only Count One of the nine-count indictment.

The objections to the PF&R that Clary raises have no merit. Accordingly, there is no reason to disturb the court's earlier ruling. For all these reasons, Clary's motion is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 18th day of July, 2024.

       ENTER:

       _David A. Faber_
       David A. Faber
       Senior United States District Judge